FILED
February 23, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002435615

3
Michael F. Burkart, Chapter 7 Trustee
5150 Fair Oaks Blvd., #101-185
Carmichael, CA 95608
Tel: (916) 485-0412
E-mail: burkart@cwo.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

ANTHONY JAMES RAHILL and
NORMA IRIS RAHILL,

    Debtors.

Case No. 10-20201-B-7

DCN: MFB - 1
DATE: March 16, 2010
TIME: 9:32 A.M.
DEPT: B
COURTROOM: 32 (6th Floor)

### TRUSTEE'S MOTION TO SELL PERSONAL PROPERTY OF THE ESTATE
### (11 U.S.C. §363)

TO: THE HONORABLE THOMAS C. HOLMAN, JUDGE
    U. S. BANKRUPTCY COURT

    The undersigned, Michael F. Burkart, the court appointed Chapter 7 Trustee (the "Trustee") in the above-captioned Bankruptcy Estate of Anthony James Rahill and Norma Iris Rahill (the "Debtors'), hereby requests that this Court approve the sale of the Bankruptcy Estate's interest in a 2005 Toyota 4Runner Motor Vehicle (the "Motor Vehicle"), Limited Sport Utility, in fair condition with approximately 59,000 miles on the odometer, to the Debtors for a total of $16,550.00 cash. In support of this Motion, the undersigned Trustee respectfully represents the following:

    1.    The Debtors filed a voluntary Chapter 7 Bankruptcy Petition on January 6, 2010, and an Order for Relief was entered thereon.

    2.    Michael F. Burkart was appointed as the Interim Chapter 7 Trustee on or about January 6, 2010, and continues to serve in that capacity.

    3.    The Court has jurisdiction over the current motion under 28 U.S.C. sections 1334 and 11 U. S. C. section 522. This Motion is a core proceeding under 28 U.S.C. section 157(b)(2)(B) and (O).

4. The Debtors' Schedule "B" filed on January 6, 2010, disclosed personal property described as "2005 Toyota 4Runner", having a disclosed market value of $18,000.00. Additional correspondence from the Debtors' Counsel revealed that the Motor Vehicle is a 2005 Toyota 4Runner, VIN #JTEBU17R650070791, California License No. 5NSJ420, 4-door sedan Limited Sport Utility, in fair condition with approximately 59,000 miles on its odometer.

5. The Debtors' Schedule "D" filed on January 6, 2010, disclosed no indebtedness nor obligations secured by the Motor Vehicle.

6. The Debtors' Schedule "C" also filed on January 6, 2010, claimed a monetary exemption pertaining to the Motor Vehicle in the amount of $2,550.00 pursuant to C.C.P. §704.010.

7. The Debtors, through their attorney, Ms. Julia Gibbs, have presented an all-cash offer in the amount of $16,550.00 to purchase the aforementioned Motor Vehicle in an "as-is" condition from the Bankruptcy Estate illustrated as follows:

$16,550.00 Debtors' Offer to Purchase the Subject Personal Property
Less:   2,550.00 Credit for Debtors' claimed motor vehicle exemption
$14,000.00 Net Purchase Amount to be tendered by the Debtors

8. The Debtors have already remitted $14,000.00 in Cashier's Checks to the undersigned Trustee as a deposit toward the proposed purchase of the Motor Vehicle.

9. The undersigned Trustee believes that the immediate liquidation of the Subject Personal Property is in the best interest of the Bankruptcy Estate. This proposed sale would also alleviate the typical costs incurred with the sale of vehicles (i.e., smog check and smog certificate, auctioneer's commission, repairs, etc.) and any sales commission attendant to a sale. Therefore, the Trustee requests the approval from this Court to sell the aforementioned Motor Vehicle to the Debtors for the amount of $16,550.00, less a credit in the amount of $2,550.00 representing the Debtors' claimed motor vehicle exemption, subject to any overbids tendered at the Court hearing.

10. At the Court hearing, the Trustee will request that the Court solicit overbids. The Trustee further requests that overbids, if any, be submitted in minimum increments of $200.00 from qualified bidders who must contact the Trustee at least twenty-four hours prior to this hearing. Any successful over bidder must remit the full amount of the cash selling price to the Trustee within 24 hours after the Court hearing is concluded.

11. In the event that the Motor Vehicle is sold to a third party pursuant to an overbid tendered at the Court hearing, the undersigned Trustee requests authority to pay their monetary exemption in the amount of $2,550.00 directly to the Debtors from the sale proceeds representing their claimed vehicle exemption pertaining to the 2005 Toyota 4Runner.

WHEREFORE, the undersigned Trustee respectfully requests that this Court: A.) Approve the sale of the aforementioned Motor Vehicle to the Debtors in the manner stated herein; B.) Provide authority for the Trustee to execute all documents necessary to complete the contemplated sale; C.) Provide authority for the Trustee to either pay or credit the exempted amount of $2,550.00 directly to the Debtors from the sale proceeds of the Subject Motor Vehicle if sold to a third party; and, D.) Provide for such other relief as the Court deems appropriate.

Respectfully submitted,

Dated: February 23, 2010        /s/ Michael F. Burkart
                                Michael F. Burkart, Chapter 7 Trustee